# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOSEPH HAGAN JAMES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV416-169 |
| | ) | CR405-263 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

Having pled guilty to possession of a firearm by a convicted felon and sentenced as an armed career criminal under 18 U.S.C. § 924(e) (the Armed Career Criminal Act, or "ACCA"), (doc. 16 (plea agreement),[1] doc. 17 (judgment) (entered January 18, 2006)), Joseph Hagan James moves under 28 U.S.C. § 2255 for resentencing without the career criminal enhancement. Doc. 24 at 14. The Court is preliminarily reviewing his motion under § 2255 Rule 4(b).

On January 18, 2006, the Court sentenced James to 180 months' imprisonment and he took no appeal. His conviction thus became final 7

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

days later, on January 25, 2006. Fed. R. App. P. 4(b)(1)(A)(i) (notices of appeal in criminal cases had to be filed within 7 days of entry of judgment -- 14 days after this Rule was changed in 2009); *Adams v. United States*, 173 F.3d 1339, 1343 n. 2 (11th Cir. 1999). Under § 2255(f), James had until January 25, 2007, to file his § 2255 motion. He signature-filed his § 2255 motion on June 22, 2016, doc. 24 at 13, nearly a decade too late per § 2255(f)'s one-year statute of limitations. *See Saunders v. United States*, 2016 WL 4007677 at *2 (S.D. Ga. July 26, 2016).

James argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), voids his ACCA enhancement, and thus restarts the one-year clock under § 2255(3) (clocks begins to tick from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."). Doc. 24 at 12, 14. And *Johnson* is retroactively applicable. *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016) (*Johnson* is a new substantive rule and thus applies retroactively to cases on collateral review).

That delves the Court into ACCA -- the statute *Johnson* addressed -- which provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as, among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague that it violates due process. *See* 135 S. Ct. at 2557. It said nothing about ACCA enhancements predicated on convictions for "violent felonies" classed as such under ACCA provisions other than the residual clause. *See, e.g., id.* at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony. . . ."). Enhancements based on those offenses remain valid. *See United States v. Tinker*, 618 F. App'x 635, 637 (11th Cir. 2015) (convictions that qualify as violent felonies under the

"elements" clause[2] of the ACCA rather than the "residual" clause survive *Johnson*).

The question that thus arises here is, on what basis was James sentenced? *Johnson's* limited reach led the Eleventh Circuit, at least in the successive § 2255 context, to conclude that "it is not enough for a federal prisoner to simply identify *Johnson* and the residual clause as the basis for the claim or claims he seeks to raise in a second or successive § 2255 motion, but he also must show that he was sentenced under the residual clause in the ACCA and that he falls within the scope of the new substantive rule announced in *Johnson*." *In re Griffin*, 823 F.3d 1350, 1354 (11th Cir. 2016) (cites omitted); *see also In re Moore*, ___ F.3d ___, 2016 WL 4010433 at * 4 (11th Cir. July 27 2016) ("[T]he district court cannot grant relief in a § 2255 proceeding unless the movant . . . proves that he was sentenced using the residual clause."); *but see In re Chance*, ___ F.3d ___, 2016 WL 4123844 at * 4 (11th Cir. Aug. 2, 2016)

---

[2] That provision defines "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that . . . has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

4

(concurrence criticizing that directive as "wrong" and reminding that it is just "dicta").

James does not identify a "*Griffin*" basis for his *Johnson* claim. On the other hand, this is his *first* § 2255 motion. Is *Griffin's* requirement properly imposed here? Setting that question aside for the moment, there is another hurdle that James arguably must overcome: Even if a prior felony is invalid under the residual clause, what if it nevertheless can be supported under another, (*e.g.*, enumerated crimes) clause? *See Ziglar v. United States*, \_\_ F. Supp. 3d \_\_, 2016 WL 4257773 at * 6 (M.D. Ala. Aug. 11, 2016) ("In other words, if, at the time of sentencing, Ziglar's third-degree burglary convictions qualified as violent felonies under the enumerated-crimes clause (even if they also qualified under the residual clause), Ziglar does not fall within the scope of the substantive ruling in *Johnson*, and that settles the matter for *Johnson*-residual clause purposes regardless of whether those convictions would count were [Ziglar] sentenced today.") (quotes and alterations omitted) (citing *In re Hires*, \_\_ F.3d at \_\_, 2016 WL 3342668 at * 5 (11th Cir. June 15, 2016) and *Moore*, 2016 WL 4010433 at * 2). The Probation

Office's PSR is silent on this, and its Sentencing Recommendation justified its 180-month recommendation on the fact that "he is an armed career criminal as defined by 18 U.S.C. § 924(e)." *Id.* at 1.

The Court will hear from the Government within 30 days after the date this Order is served. The Probation Office shall file, under seal, its PSR, PSR Addendum (showing no objection by either party) and Sentencing Recommendation in the record.

**SO ORDERED,** this  30th  day of August, 2016.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA